UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GELENE BADEAU,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------X

JUDGMENT
06-CV- 4574 (JG)

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ AUG 3 1 2007 ★
P.M. _____
TIME A.M. _____

       An Order of Honorable John Gleeson, United States District Judge, having been filed on August 30, 2007, remanding the case for further proceedings and for a new determination of (1) plaintiff's possible disability pursuant to Appendix 1 of 20 C.F.R. 404, Subpart P for some or all of the period between November 30, 2000 and the present; (2) plaintiff's residual functional capacity to obtain other work for some or all of the period between November 30, 2000 and the present; directing the Commissioner to obtain a complete diagnostic report from Dr. Hinke and any subsequent treating physician; ordering that such reports and assessments of treating physicians, including those of Dr. Bourdeau, shall be evaluated in accordance with the treating physician rule; further ordering, that in the event that a treating physician's opinion is not given controlling weight, the Commissioner will articulate what weight, if any, is given to the opinion by reference to the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); directing that the issue of credibility of the claimant shall be revisited in a manner consistent with the Court's Memorandum and Order dated August 30, 2007; and finally, the Commissioner should also obtain evidence from a vocational expert who is prepared to "identify examples of appropriate jobs and to state the incidence of such jobs in the national economy."; it is

ORDERED and ADJUDGED that the case is remanded for further proceedings and for a new determination of (1) plaintiff's possible disability pursuant to Appendix 1 of 20 C.F.R. 404, Subpart P for some or all of the period between November 30, 2000 and the present; (2) plaintiff's residual functional capacity to obtain other work for some or all of the period between November 30, 2000 and the present; that the Commissioner is directed to obtain a complete diagnostic report from Dr. Hinke and any subsequent treating physician; that such reports and assessments of treating physicians, including those of Dr. Bourdeau, shall be evaluated in accordance with the treating physician rule; that in the event that a treating physician's opinion is not given controlling weight, the Commissioner will articulate what weight, if any, is given to the opinion by reference to the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); that the issue of credibility of the claimant shall be revisited in a manner consistent with this opinion; and that finally, the Commissioner shall obtain evidence from a vocational expert who is prepared to "identify examples of appropriate jobs and to state the incidence of such jobs in the national economy."

Dated: Brooklyn, New York
August 31, 2007

Robert C. Heinemann
Clerk of Court

By: s/Terry Vaughn
Terry Vaughn
Chief Deputy of
Court Operations